**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESUS PONCE LIRA<br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009<br><br>Defendants. | Case No. 26-3298<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION AND BACKGROUND

1. Plaintiff Jesus Ponce Lira (Mr. Ponce Lira) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, to compel Defendant U.S. Citizenship and Immigration Services (USCIS) to immediately release the records contained in her immigration case file, known by USCIS as an Alien File or A-File.

2. USCIS is a component of the U.S. Department of Homeland Security ("DHS") and has custody of the vast majority of individuals' A-File records, including those records sought by Plaintiff.

3. A-Files contain critical information regarding a noncitizen's eligibility to apply for an immigration status or benefit as well as information often necessary to their representation in removal proceedings. Submitting a FOIA request to USCIS for the A-File is one of the sole, if not only, means of obtaining these critical records.

4. In 2020, the Northern District of California issued a permanent injunction for a nationwide class of individuals and their attorneys ordering the USCIS and DHS to cease violating FOIA's deadlines for adjudicating requests for A-Files, to eliminate USCIS's backlogs, and to provide quarterly compliance reports to the court and class counsel. See *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F.Supp. 3d 1193 (N.D. Cal. 2020). USCIS admitted that it had not complied with FOIA's deadlines regarding A-Files for at least eight years. *Id*. at 1196

5. This noncompliance has real-life consequences. Defendant serves as the custodian of A-Files and adjudicates applications for immigration benefits. Its delay in processing A-File FOIA requests deprives requesters of the information they need to defend against removal, to obtain benefits, and to gain citizenship. It undermines the fairness of immigration proceedings, particularly for the vast number of noncitizens who navigate our immigration system without the assistance of counsel. *Id*.

6. Elsewhere, the Court discussed the necessity of noncitizens' access to A-Files, which "include critical information about past interactions between individuals and DHS; records of prior entries, admissions, or removal orders; records of past statements; and records of past applications filed by the noncitizen or on the noncitizen's behalf." *Id*. at 1198.

7. The Court also found that "there is no adequate substitute for the information contained in an A-File and FOIA is the primary, if not the only, mechanism for accessing A-Files." *Id*. at 1199.

8. On December 19, 2025, plaintiff's counsel in Nightingale filed a whistleblower report that brought to light USCIS's violations of FOIA, the regulations, and Nightingale's Court Order. The Whistleblower Disclosure illuminates efforts by the agency leadership to "manufacture compliance" with the court's order in Nightingale.

9. The report details USCIS's multiple rounds of policy changes that "result in closing requests prematurely for reasons not permitted by statute . . . ." See *id*. at 5. This included policies instructing USCIS staff to close requests from Cuban nationals as "no records"; "redacting entire forms from immigration A-files citing (b)(6) and (b)(7) privacy and law enforcement exemptions, even though the withheld information was initially provided to DHS by the noncitizen"; withholding any correspondence "that is not directly to or from the requester, even correspondence sent by or to their attorney from USCIS"; "inappropriately designat[ing] certain documents certain documents as 'out of scope,'" including documents provided by the noncitizen in the language of their country of origin; and redacting documents such as joint tax returns, utility bills, marriages/divorce certificates, or marked as "out of scope." See *id*. at 5-6.

10. The Whistleblower Report also disclosed that Management at USCIS "sent emails demonstrating their motive to find ways to maximize case closure as a means to reduce the FOIA backlog." See id. at 6. One email from a supervisor on the FOIA policy team stated, "[h]ere's a way to close 99% of FOIA requests as failure to comply," citing a 2022 regulatory change that was never implemented on USCIS's

FOIA request form, thereby making compliance with the regulation impossible. Id. at 6-7.

11. In August 2026, an additional declaration discussing USCIS's ongoing practices of unlawfully withholding records through a series of intentional policy changes has resulted in continued violations of FOIA by the agency and an exponential growth in administrative appeals. *See Nightingale v. USCIS*, 3:19-cv-03512, ECF No. 225-3 (Turner Decl.), (N.D. Cal. 2026).

12. The Turner declaration discusses how changes in USCIS FOIA policies have resulted in an increased number of appeals, and the agency has not kept up with decisions on appeals. *See id.* ¶ 33-34.

13. Under FOIA, the agency has an affirmative obligation to publish policies, guidance, memoranda, and other related records that affect the public.

14. USCIS has not published most, if not all, of its current FOIA processing policies, including the most recent changes.

15. From 2019 to January 14, 2026, "the total number of appeal cases *created* at any given time recorded was rarely more than 30 cases and often fewer than 10 cases. *Id.* ¶ 35 (emphasis in original). In the latter half of January 2026 alone, "there were *thousands* of appeal cases created." *Id.* ¶ 35 (emphasis added).

16. The massive increase in appeals is directly tied to USCIS's policy changes. *Id.* ¶ 36. In March 2026, the agency leadership decided to move closures related to these changed policies out of the general counsel queue for deciding

appeals, and nearly overnight, 5,000 cases disappeared from the appeal queue. *Id.* ¶¶ 38-44.

17. Plaintiff therefore seeks declaratory and injunctive relief to end USCIS's unlawful practices and its failure to comply with FOIA deadlines and its unlawful pattern and practice of failing to publish its FOIA processing policies.

**JURISDICTION AND VENUE**

18. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 et seq. (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

19. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B), which expressly authorizes suit in the United States District Court for the District of Columbia. Venue is proper regardless of Plaintiff's place of residence or the location of the requested records.

**PARTIES**

20. Plaintiff filed a FOIA request to USCIS, seeking records contained in his A-File in order to assess his eligibility to apply for U.S. Citizenship.

21. Defendant USCIS is a component agency of the Department of Homeland Security and, among other duties, is the federal agency responsible for maintaining A-Files. USCIS is an "agency" within the meaning of 5 U.S.C. § 551(1) and has control over the records Plaintiff seeks. Defendant is charged with the duty to provide public access to such records consistent with the requirements of FOIA.

USCIS maintains its headquarters at 5900 Capital Gateway Drive, Camp Springs, Maryland 20588, and is subject to the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

22. On April 21, 2025, Plaintiff, through his representative, submitted a FOIA request to USCIS.

23. USCIS confirmed his request and assigned it a control number of NRC2025194863.

24. On June 18, 2025, USCIS responded to his request. In its letter to Plaintiff, it stated that after completing the review of all documents, it had identified 36 pages that were responsive to his request. Only seven pages were released in their entirety and 16 in part. The agency withheld 13 pages in full. For the exempt portions, USCIS stated that they had been withheld pursuant to 5 U.S.C. §§ 552(b)(3), (b)(6), (b)(7)(C), and (b)(7)(E). USCIS Correspondence is attached as Exhibit A.

25. That same day, Plaintiff, through his representative, filed an administrative appeal of USCIS's determination and its unlawful withholding of his A-File records.

26. After failing to receive any communication from Defendant, in December 2025, Plaintiff contacted his Congressional Representative for assistance with his FOIA request. The correspondence is attached as Exhibit B.

27. Through the advocacy of his Congressional Representative, on January 16, 2026 (*see* Ex. B), over six months after Plaintiff submitted his appeal, the agency

sent a letter acknowledging the appeal and assigned it a control number of APP2026002655. Letter attached as Exhibit C.

28. As of the date of this filing, USCIS's FOIA status website indicated that an estimated date for deciding the appeal is April 6, 2026. Appeal Status from USCIS, attached as Exhibit D. To date, Defendant has not made a determination on or sent any other communication to Plaintiff regarding his appeal.

29. Defendant has failed to make a determination on Plaintiff's appeal within FOIA's mandatory deadlines.

## CLAIMS FOR RELIEF

### COUNT ONE

### Failure to make a determination in violation of FOIA

30. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

31. Defendant and its components are obligated under 5 U.S.C. § 552(a)(6) to make a determination with respect to Plaintiff's requests and/or appeals within the statutorily mandated time period of 20 business days, to be extended by no more than 10 business days in the event that the agency notifies the requester in writing of the existence of "unusual circumstances." When Defendant fails to make a determination or respond to a FOIA request or an appeal within the statutory deadline, it constructively denies the request. See Oglesby v. U.S. Dep't of Army, 920 F.2d 57 (D.C. Cir. 1990) ("Congress adopted the time limit provision in the FOIA in order to 'contribute to the fuller and faster release of information, which is the basic objective of the Act.'" (quoting H.R. Rep. No. 93-876, 93d Cong. 2d Sess.,

reprinted (1974) U.S. Code Cong. & Ad. News 6267 at 6271). Defendant has constructively denied Plaintiff's FOIA request.

32. Defendant and its components have a pattern or practice of failing to make determinations regarding FOIA requests or appeals within the statutory time period. No legal basis exists for the Defendant's pattern or practice of failing to meet the statutory determination and time period requirements with respect to FOIA requests and/or appeals it receives.

## COUNT TWO
## Failure to conduct an adequate search in violation of FOIA

33. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

34. Plaintiff properly requested records within the possession, custody, and control of Defendant.

35. Defendant has not produced any documents in response to Plaintiff's appeal and has not communicated a determination as to Plaintiff's appeal of the agency's determination.

36. Defendant and its subcomponents are obligated under 5 U.S.C. § 552(a)(3)(C) to conduct a reasonable search for records responsive to Plaintiff's requests within FOIA's timing requirements.

37. Defendant has not conducted a "search reasonably calculated to uncover all relevant documents" pursuant to Plaintiff's detailed and specific FOIA request or his appeal. Defendant is also required and has failed to "make reasonable

efforts to search for the records in electronic form or format." 5 U.S.C. § 552(a)(3)(C).

38. Defendant has also failed to determine a production scope and which records it intends to withhold and which it intends to produce on his appeal.

39. Defendant has a pattern or practice of failing to conduct an adequate search for responsive records to FOIA requests within FOIA's timing requirements. No legal basis exists for Defendant's pattern or practice of failing to meet the statutory deadline with respect to conducting an adequate search.

40. Plaintiff is entitled to declaratory and injunctive relief requiring Defendant to promptly search for and produce all responsive non-exempt records and provide indexes justifying any withholding of responsive records they believe are exempt.

## COUNT THREE
## Wrongful withholding of non-exempt responsive records

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. Plaintiff properly requested records within the possession, custody, and control of Defendant.

43. Defendant is improperly withholding non-exempt agency records by failing to produce the non-exempt records responsive to the Plaintiff's request and his appeal.

44. Defendant is improperly withholding non-exempt agency records responsive to Plaintiff's request by failing to segregate exempt information in otherwise non-exempt agency records.

45. Defendant's failure to provide all non-exempt responsive records violates FOIA.

46. Plaintiff is entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to Plaintiff's FOIA request, segregate all exempted information in otherwise non-exempt records, and provide indexes justifying the withholding of any responsive records they argue are exempt.

**COUNT FOUR**
**Failure to publish opinions, policies, administrative staff manuals, and instructions to staff that affect the public**

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. Defendant and its components are obligated under 5 U.S.C. § (a)(1). et seq. to affirmatively disclose to the public, via the Federal Register, any substantive rules of general applicability as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency, as well as any amendments, revisions, or repeals of the aforementioned. The failure to do so, except where a person, including Plaintiff, has actual and timely notice of the terms thereof, may not in any manner be adversely affected by a matter required to be published in the Federal Register and not so published.

49. Defendant has not published its current FOIA processing policy or interpretation or any changes thereto in the Federal Register and is in violation of FOIA and therefore cannot apply its current FOIA processing policy as to Plaintiff.

50. Under 5 U.S.C. § 552(a)(2) et seq., the agency has a duty to affirmatively disclose all statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; administrative staff manuals and instructions to staff that affect a member of the public; or records that because of their subject matter are likely to become the subject of subsequent requests for substantially the same records. If the agency fails to do so, it cannot rely, use, or cite as precedent these materials against a party unless it has been made available or published, or the party has actual and timely notice of the terms thereof.

51. Defendant, in violation of FOIA, has not published its current statement of policy and interpretations that have been adopted by the agency, nor its administrative staff manuals and instructions to staff that affect members of the public, including Plaintiff, and therefore cannot apply any of the aforementioned against Plaintiff.

**COUNT FIVE**
**Pattern and practice violations of time limits**

52. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

53. Defendant has established a pattern and practice of violating FOIA's statutory time limits.

54. The "promptly available" requirement typically means "within days or a few weeks of a determination, not months or years." Sierra Club v. U.S. Env't Prot. Agency, 2018 WL 10419238, at *5 (N.D. Cal. Dec. 26, 2018) (quoting CREW, 711 F.3d at 188) (internal quotation marks omitted); Owen v. U.S. Immigration & Customs Enforcement, 2023 WL 9470904, at *6 (C.D. Cal. Jan. 12, 2023).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Declare, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Defendant violated the Freedom of Information Act, 5 U.S.C. § 552;
b. Declare that Plaintiff is entitled to a determination on his FOIA request from Defendant;
c. Declare that Plaintiff is entitled to disclosure of the requested records;
d. Declare that Defendant has failed to conduct an adequate search for responsive records and has failed to segregate and produce any non-exempt portions of those records;
e. Declare that Defendant has violated FOIA by failing to publish its current FOIA guidance, instructions, or policies;
f. Declare that Defendant's violation of FOIA by failing to publish its current FOIA guidance, instructions, or policies renders its application of that guidance unlawful;
g. Order Defendant to begin searching for responsive records to Plaintiff's requests;

h. Order expeditious proceedings in this action pursuant to 5 U.S.C. § 552; 28 U.S.C. § 1657; and FRCP 12(a)(2) (Courts are not required to automatically accord expedited treatment to a FOIA lawsuit; however, as with other civil actions, they may do so "if good cause therefor is shown.");

i. Order Defendant to prepare an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), for any documents it seeks to withhold under a FOIA exemption;

j. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's request;

k. Enjoin Defendant from its ongoing violations of FOIA by failing to publish its current FOIA guidance, policies, memoranda, and instructions;

l. Retain jurisdiction of this action to ensure that no agency records are improperly withheld;

m. Award Plaintiff attorneys' fees and litigation costs incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

n. Order such other relief as the Court may deem just and proper.

Dated: September 22, 2026

Respectfully submitted,

By: /s/ Daniel Melo
Daniel Melo
The Melo Law Firm
NC Bar # 48654
2920 Forestville Road, Ste 100
PMB 1192
Raleigh, NC 27616
Tel: (919) 348-9213
dan@themelolawfirm.com